1
2
3
4
5
6
7
8           UNITED STATES DISTRICT COURT
9       FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   DAVID SWANK PRINCE,                    No. 2:20-cv-1245-TLN-EFB P
12              Plaintiff,
13        v.                               ORDER
14   MICHAEL RAMSEY, et. al.,
15              Defendants.
16
17          Plaintiff, a county jail inmate, proceeding without counsel in this action brought pursuant

18   to 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis (ECF No. 8).  For the

19   reasons stated hereafter, his application to proceed in forma pauperis is granted but his complaint

20   is dismissed with leave to amend.

21                  Application to Proceed In Forma Pauperis

22          The court has reviewed the second of plaintiff's applications (ECF No. 8) and finds that it

23   makes the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, by separate order, the court

24   directs the agency having custody of plaintiff to collect and forward the appropriate monthly

25   payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

26   /////

27   /////

28   /////

1

Screening

I.     Legal Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

1   II.   Analysis

2   Plaintiff's complaint purports to bring claims against six individual defendants – Michael

3   Ramsey, Kory Honea, D. Hovey, Philip Heithecker, Stephana L.M. Femino, and Kevin Sears,

4   and sixteen unidentified Does.[1]  ECF No. 1 at 1.  Plaintiff alleges various wrongs, beginning with

5   harassment at his home and continuing during his incarceration at the Butte County Jail.  He

6   claims his rights were violated under the First, Eighth, and Fourteenth Amendments, the

7   Americans with Disabilities Act, and that he is "unjustly incarcerated."  *Id.* at 3.

8   The complaint is rambling and disjoined and plaintiff's claims lack the requisite

9   specificity to survive screening.   For example, he describes an incident – date unknown – when

10   Butte County Sheriffs responded to plaintiff's call for help at his home after he was beaten by

11   four gang members, his truck destroyed, and one of his dogs hit by a car.  *Id.* at 3-4.  Plaintiff

12   claims that the unidentified officers did not help him or offer care for plaintiff's disability – also

13   unknown.  *Id.*  If there is a claim here on which plaintiff would like to proceed, he needs to, at a

14   minimum, allege an approximate date, identify the responding officers, identify his disability, and

15   describe what the officers did or did not do that resulted in a violation of plaintiff's federal

16   statutory or constitutional rights.  Plaintiff's claims extend to his conditions of confinement at the

17   Butte County Jail.  He describes retaliatory action – that he was told the more grievances he filed,

18   the longer he would remain incarcerated – but again, he does not identify the individual who

19   made this threat.  *Id.* at 6.  He claims generally that he has been denied medical care for his

20   serious mental health needs (*id.* at 8) and that he has been denied a religious diet (*id.* at 11).  It is

21   unclear, however, given the vague nature of plaintiff's allegations and the failure to link each

22   claim to identifiable defendants, if the claims are sufficiently related to proceed together in a

23   single action.

24   /////

25

26   [1] The court notes that plaintiff's complaint also includes a request for discovery.  The
request is premature.  Further, discovery requests shall be served on defendants, not filed with the
27   court.  Plaintiff shall only serve such requests in accordance with the schedule set by the court in
a discovery and scheduling order, typically issued after the defendants file an answer to the
28   complaint.

1    Plaintiff may be attempting to blame Butte County for the wrongs alleged in the

2    complaint.  A county, however, is only liable under section 1983 if plaintiff shows that his

3    constitutional injury was caused by employees acting pursuant to the municipality's policy or

4    custom.  *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New*

5    *York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*,

6    541 F.3d 950, 964 (9th Cir. 2008).  Here, plaintiff has failed to identify the existence of any

7    County policy.

8    Plaintiff will be given leave to amend to address these deficiencies.

9    III.    Leave to Amend

10   Plaintiff is cautioned that any amended complaint must identify as a defendant only

11   persons who personally participated in a substantial way in depriving him of his constitutional

12   rights.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the

13   deprivation of a constitutional right if he does an act, participates in another's act or omits to

14   perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also

15   include any allegations based on state law that are so closely related to his federal allegations that

16   "they form the same case or controversy."  *See* 28 U.S.C. § 1367(a).

17   The amended complaint must also contain a caption including the names of all defendants.

18   Fed. R. Civ. P. 10(a).

19   Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See*

20   *George v. Smith*, 507 F.3d 605 at 607.

21   Any amended complaint must be written or typed so that it so that it is complete in itself

22   without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

23   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

24   earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

25   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

26   being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

27   1967)).

28   /////

4

1        Any amended complaint should be as concise as possible in fulfilling the above

2   requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual

3   background which has no bearing on his legal claims.  He should also take pains to ensure that his

4   amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing

5   and organization.  Plaintiff should carefully consider whether each of the defendants he names

6   actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in

7   which plaintiff names dozens of defendants will not be looked upon favorably by the court.

8   <u>Conclusion</u>

9        Accordingly, it is ORDERED that

10     1.    Plaintiff's application to proceed in forma pauperis (ECF No. 8) is GRANTED;

11     2.    Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected

12         in accordance with the notice to the Butte County Sheriff filed concurrently

13         herewith;

14     3.    Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend within 30

15         days from the date of service of this order; and

16     4.    Failure to file an amended complaint that complies with this order may result in

17         the dismissal of this action for the reasons stated herein.

18  DATED:  September 29, 2020.

19

20  EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28