UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SWANK PRINCE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL RAMSEY, *et al.*,<br><br>　　　　DEFENDANTS. | Case No. 2:20-cv-01245-TLN-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S AMENDED COMPLAINT BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 14 |

　　　　Plaintiff David Swank Prince is a county jail inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. His initial complaint was dismissed for failure to state a claim. ECF No. 9. Plaintiff has now filed an amended complaint, which alleges numerous instances of interference with his access to courts. ECF No. 14. I have reviewed those claims and, for the reasons stated below, find that they should be dismissed for failure to state a claim. I also find that giving plaintiff further opportunity to amend is unwarranted.

　　　　　　　　　　　　　　Screening and Pleading Requirements

　　　　A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

1    A complaint must contain a short and plain statement that plaintiff is entitled to relief,
2  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
3  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
4  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
5  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
6  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
7  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
8  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
9  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
10 n.2 (9th Cir. 2006) (en banc) (citations omitted).

11    The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
12 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
13 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
14 would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
15 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
16 of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
17 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

18                                          Analysis

19    Plaintiff's complaint is lengthy and contains multiple allegations of interference with his
20 access to courts.  Broadly, he alleges that he is incarcerated at the Butte County Jail and that
21 county defendants—including the Sheriff and various employees at the jail—have interfered with
22 his access to courts by refusing to allow him to file administrative grievances, declining to release
23 funds to pay court filing fees, and limiting his access to the jail law library.  ECF No. 14 at 9-10.
24 These claims fail because plaintiff has, for the reasons stated below, failed to allege any actual
25 injury.  *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (stating that "[f]ailure to show
26 that a 'non-frivolous legal claim ha[s] been frustrated' is fatal" to a denial of access to the courts
27 claim).
28

A.     Access to Federal Courts

Plaintiff raises three claims related to his inability to access this federal court. First, he alleges that, on September 29, 2020, his initial complaint in this action was dismissed for "multiple technicalities that [he] had no way of knowing of because of deficiencies in the jail legal assistance." ECF No. 14 at 13. This characterization of the dismissal is false. Plaintiff's initial complaint was dismissed not because of any legal "technicality," but because it was "rambling and disjointed and . . . lack[ed] the requisite specificity to survive screening." ECF No. 9 at 3.[1] The problems in plaintiff's initial complaint cannot be attributed to any lack of law library access or any "deficiencies" in legal assistance. Moreover, plaintiff's initial complaint was dismissed with leave to amend, and thus he cannot show that any non-frivolous claim has been frustrated.

Second, plaintiff alleges that defendants refused to release funds to pay the filing fee for a federal habeas action. ECF No. 14 at 13-14. A review of the docket in that action, *Prince v. Ramsey*, 2:20-cv-01962-TLN-KJM, shows that plaintiff was granted *in forma pauperis* status on November 9, 2020. *Id.* at ECF No. 6. That action remains opens and plaintiff cannot argue that his habeas claim was frustrated by defendants' alleged failure to release funds.

Third, he alleges that defendants have interfered with his ability to file grievances. ECF No. 14 at 14. This claim fails for two reasons. First, inmates have no "constitutional entitlement to a specific grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Second, plaintiff has not identified how defendants' alleged interference with his ability to file grievances frustrated any non-frivolous legal claim.

B.     Access to State Courts

Plaintiff has listed numerous instances of alleged interference with access to state courts, none of which are adequately pled. He alleges that state court discovery requests, a *Pitchess* motion,[2] and three separate state habeas actions were denied based on unspecified "technicalities"

---

[1] I note that the previous screening was conducted by Magistrate Judge Brennan. The case was afterwards reassigned to me.

[2] A *Pitchess* motion, filed under California state law, seeks to obtain discovery from a law enforcement officer's personnel file.

3

that he attributes to "deficiencies in jail legal assistance." ECF No. 14 at 11-13. These claims are too vague to proceed. Plaintiff has made no effort to describe how jail legal assistance was inadequate or how it contributed to the failure of his state court filings.

Plaintiff also alleges that, in a series of state court criminal hearings, his rights were violated by the presiding judge. *See, e.g.*, *id.* at 17 ("Plaintiff was forced to attend video court without counsel [and] the court used trickier (sic) to violate the plaintiff['s] rights."). State court judges are immune from suit for all actions taken within their jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 364 (1978). To the extent that he believes that a criminal conviction violates his constitutional rights, his remedy lies in filing a habeas action—which, as noted above, he has already done.

Plaintiff does allege that, on July 7, 2020, county defendants denied his request for law library access, which he sought to prepare a defense and to watch body-cam footage of the day of his arrest. ECF No. 14 at 19. This claim fails for two reasons. First, plaintiff does not allege actual injury; he does not allege that he was never able to prepare a defense or to watch the body-cam footage—only that he was not able to perform these actions on that day. Second, this claim cannot proceed in a section 1983 action because its success would call into question the validity of his criminal conviction. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (A civil rights action under § 1983 "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."); *see also Delarm v. Growe*, No. 2: 15-cv-2258 KJM KJN P, 2016 U.S. Dist. LEXIS 46705, *9 (E.D. Cal. 2016) (holding that "claims by prisoners for damages based on alleged denial of access to the law library, etc., to aid them in challenging some aspect of their conviction or sentence, are *Heck* barred unless the conviction or sentence has been overturned").

C.   Leave to Amend

I find that giving plaintiff further leave to amend is unwarranted. Many of his claims cannot be saved by amendment. His allegations regarding access to federal court and the actions


of the state court judge(s) presiding over his proceedings cannot proceed for the reasons stated above. Additionally, I am troubled by the lack of relation between plaintiff's initial complaint and his amended one. Theinitial complaint raised no access to court claims whatsoever. Instead, he alleged that: (1) officers with the Butte County Sheriff's department had harassed him for years and arrested him on false charges, (2) his public defenders were part of a conspiracy to prolong his incarceration, (3) officers at the Butte County Jail violated his rights under the Americans with Disabilities Act, (4) he was not receiving constitutionally adequate medical care, and (5) he was not receiving his requested religious diet. ECF No. 1 at 3-11. When his initial complaint was dismissed, Judge Brennan warned plaintiff that he could not "change the nature of this suit by alleging new, unrelated claims." ECF No. 9 at 4. Plaintiff ignored that direction. Filing a lawsuit is not an invitation to bring as many different claims as necessary until something "sticks." Giving plaintiff further leave to amend might invite an entirely new and unrelated set of claims.

Accordingly, it is recommended that plaintiff's amended complaint, ECF No. 14, be dismissed without prejudice but without leave to amend.

I submit these findings and recommendations to the district judge under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   January 26, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE